FILED

2007 Mar-27 PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| DAVELL COLVIN, by and through his mother and custodial parent, SHAVELL ARMFIELD, as next friend, | } } } } } | |
| Plaintiff, | } } | |
| v. | } } | Case No.:  2:06-CV-1951-RDP |
| GADSDEN STATE COMMUNITY COLLEGE, et al., | } } } | |
| Defendants. | } } | |

## MEMORANDUM OPINION

### I.     INTRODUCTION

Pending before the court is Plaintiff's Motion to Remand (Doc. # 5) filed on October 27, 2006.  The motion has been fully briefed and was reassigned to the undersigned on February 22, 2007.  On March 2, 2007, the court held a hearing on the motion.  After carefully reviewing the parties' submissions and considering their arguments, the court finds Plaintiff's motion is due to be granted, and this case will be remanded to the Circuit Court of Jefferson County, Alabama.

### II.     STATEMENT OF FACTS & PROCEDURAL HISTORY

This case arises out of serious injuries suffered by Plaintiff during a water training class held on April 6, 2006, at a swimming pool located on the campus of Defendant Gadsden State Community College ("Gadsden State").  (Doc. #1 at Compl. ¶¶ 1, 3).  Plaintiff, through his mother and custodial parent, initiated this action in the Circuit Court of Jefferson County on or about April 13, 2006.  Plaintiff named five (5) separate party defendants:  (i) Gadsden Job Corps; (ii) Carol Samples; (iii) Gary Boggs; (iv) Adams and Associates, Inc.; and (v) Gadsden State.

On May 24, 2006, Defendants (i) Gadsden Job Corps, (ii) Carol Samples, (iii) Gary Boggs, and (iv) Adams and Associates, Inc. filed their first Notice of Removal with this court.  *Colvin v. Gadsden State Cmty. Coll.*, Civ. Action No. 2:06-CV-1005-RDP (N.D. Ala. May 24, 2006); *see also* Doc. # 5 Ex. A.  Defendant Gadsden State did not join in filing the original Notice of Removal nor did it file a separate document joining in the removal.  Instead, on June 14, 2006, Gadsden State filed a motion to remand in which it noted that it had never consented to the removal by the other defendants and argued that its failure to join in the removal required remand.  *Colvin v. Gadsden State Cmty. Coll.*, Civ. Action No. 2:06-CV-1005-RDP (N.D. Ala. June 14, 2006); *see also* Doc. # 5 Ex. A.  This filing followed Plaintiff's motion to remand filed the previous day.  *Colvin v. Gadsden State Cmty. Coll.*, Civ. Action No. 2:06-CV-1005-RDP (N.D. Ala. June 13, 2006); *see also* Doc. # 5 Ex. A.  The court granted both Plaintiff's and Gadsden State's motions to remand by order dated July 7, 2006, which based the decision to remand on two separate, independent grounds: (1) not all of the state court defendants joined in the removal under 28 U.S.C. § 1441[1] (which governs removal

---

[1]28 U.S.C. § 1441, which grants removal jurisdiction for claims arising under federal law and diversity claims, states in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

of cases involving a federal question); and (2) the Defendants were untimely in attempting to raise

28 U.S.C. § 1442(a)(1)[2] (which governs removal of suits against the United States, its officers, and

agents) as a ground for removal jurisdiction because they did not mention this ground until they filed

a responsive brief beyond the thirty-day "window" for removability.  *Colvin v. Gadsden State Cmty.*

*Coll.*, Civ. Action No. 2:06-CV-1005-RDP (N.D. Ala. July 7, 2006), at 3–9.  On remand, Plaintiff

voluntarily dismissed Defendant Gadsden State—the sole dissenter to the removal petition that

barred removal under 28 U.S.C. § 1446(a).[3]  (Doc. # 7 at 2).

--------

28 U.S.C. § 1441(a)–(b) (2006).

> [2]The relevant portion of this statue reads:
>
> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1) (2006).

> [3]The pertinent portion of this statute reads:
>
> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the

On September 28, 2006, Defendants filed a second Notice of Removal and Brief in Support of Notice of Removal. (Docs. # 1 & 2). In response, Plaintiffs again moved to remand back to state court, arguing: (1) Defendants' second removal attempt is procedurally barred because it does not assert a new basis for removal and is, therefore, untimely; and (2) even if the court reached the "merits" of the removal, no federal question exists in this case because Plaintiff was not an "employee" of Defendants at the time of his injury (that is, the Defendants were not an agency or "instrumentality" of the United States, within the meaning of the statute upon which they sought to base federal question removability.)[4] (Doc. # 5 at 1–2). Defendants predictably contend that

---

initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(a)–(b) (2006).

[4]That statute is part of the Federal Employees' Compensation Act, and reads in pertinent part:

Limitations on right to receive compensation

(c) The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. However, this subsection does not apply to a master or a member of a crew

removal is not procedurally barred under by § 1446 under § 1441 (federal question removal), as the case has only now become "removable" after the voluntary dismissal of the defendant (Gadsden State) that would not consent to removal under § 1441 originally.  Alternatively, Defendants appear to contend that § 1442 (which does not require the consent of all defendants for effective removal) was not, in fact, used by them as a basis for removal in the first instance, and, in any event, the court did not reach the merits of that argument (since it found removal under § 1442 untimely) and should do so now.

## III.   DISCUSSION

When a motion to remand is filed, the burden of establishing subject matter jurisdiction is on the removing party. *Williams v. Best Buy*, 269 F.3d 1316, 1319 (11th Cir. 2001). Defendants cite two possible bases for their most recent removal: (1) federal question jurisdiction, pursuant to 28 U.S.C. § 1331, *i.e.*, Defendants' complete preemption position; and (2) the Federal Officer Removal Statute, 28 U.S.C. § 1442.  Defendants previously raised both these grounds in this court in 2:06-CV-1005-RDP.

### A.     Removal under 28 U.S.C. § 1442 is barred by *res judicata* and is untimely.

It has been well-settled for over a century that, following a remand, a defendant cannot "file a second petition for the removal upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit." *St. Paul & Chicago Railroad Co. v. McLean*, 108 U.S. 212, 217 (1883).  "[T]he court acknowledges that the mere fact that this case was previously remanded does not, by itself, automatically preclude [Defendants] from filing

---

of a vessel.

5 U.S.C. § 8116(c) (2006).

a second notice of removal. . . . It is well established that [the second paragraph of 28 U.S.C. § 1446(b)] allows a defendant to remove a previously remanded case where subsequent pleadings or events reveal a *new and different basis for removal*." *Nicholson v. Nat'l Accounts, Inc.*, 106 F. Supp. 2d 1269, 1271 (S.D. Ala. 2000) (emphasis added).

The court finds that defendants are barred from attempting again to assert § 1442 as a basis for removal. "A remand order is deemed conclusive as to matters that were 'adjudged or could have been presented at that time as a basis for removal.' 1A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 0.169[3] (2d ed. 1991)." *Employers Ins. of Wausau v. Certain Underwriters At Lloyd's, London*, 787 F. Supp. 165, 169 (W.D. Wis. 1992) (emphasis added); *see also Grover v. Comdial Corp.*, 275 F. Supp. 2d 750, 753-54 (W.D. Va. 2003) ("A defendant's ability to pursue a valid second petition for removal is not limitless, however. A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal. If nothing of significance changes between the defendant's first and second attempts to remove the case, the prior removal order is the law of the case.") (internal quotations and citations omitted); *Shoals T.V. & Appliance, Inc. v. Auto Owners Ins. Co.*, 791 F. Supp. 283, 287 n.2 (N.D. Ala. 1992). A defendant is permitted to file a second petition for removal only if events occurring after the initial removal make the case removable. *See, e.g.*, *Cent. of Georgia Ry. v. Riegel Textile Corp.*, 426 F.2d 935 (5th Cir.1970)[5] (after remand, state court severed claim against third party defendant; third party defendant could not have removed third party action but could remove direct action).

_____

[5]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

No such circumstance exists in this case with respect to Defendants' § 1442 argument (and, for the reasons discussed *infra*, the same is true with respect to Defendants' renewed § 1331/§ 1441 argument).  Removal under § 1442 is premised on Gadsden Job Corps' claim to be a federal "instrumentality" which is entitled to remove this case pursuant to 28 U.S.C. § 1442(a)(1).  Although Defendants argue to the contrary, this is exactly one of the grounds of removability Defendants argued after they initially removed this case.  *See* Defs. Supp. Brief at 3, filed in *Colvin v. Gadsden State Cmty. Coll.*, Civ. Action No. 2:06-CV-1005-RDP (N.D. Ala. June 30, 2006).  But even if Defendants are correct and the court did not reach the "merits" of this ground during the first removal and/or Defendants themselves did not effectively raise this ground in their first removal, that is of no moment.  This is the case because, to the extent that this case is now removable under § 1442, that same basis for removal existed from the day the original state court complaint was filed on April 13, 2006.  Thus, this ground *could have been raised* in Defendants' initial removal.

In summary, the legal arguments and facts relied upon by Defendants in this second removal are exactly the same legal and factual arguments presented in their first removal;[6] therefore, no new grounds are presented to this court.  Indeed, Defendants amended their first removal notice in a subsequent brief to add § 1442 as an alternative ground for removal.  The court found this basis for removal was not timely raised: "[T]he court agrees with Plaintiff and Gadsden State that the

---

[6]The court notes that the cases addressing the issue have concluded that even a new factual argument would not create the right to a second removal on the same jurisdictional ground. *TKI, Inc. v. Nichols Research Corp.*, 191 F. Supp. 2d 1307, 1312 (M.D. Ala. 2002) ("Re-removal is not proper where defendant simply supplies evidentiary support that the first remand was incorrect."); *see also Collins v. Fingerhut Cos.*, 117 F. Supp. 2d 1283, 1284–85 (S.D. Ala. 2000); *Nicholson v. Nat'l Accounts, Inc.*, 106 F. Supp. 2d 1269, 1271 (S.D. Ala. 2000) ("[T]he defendant may not circumvent section 1447(d)'s prohibition on reconsideration by filing a second notice of removal which simply supplies evidentiary support for the argument that the previous remand order was incorrect.").

removing Defendants' reliance upon § 1442 to support their removal is untimely under § 1446(b)."

*Colvin v. Gadsden State Cmty. Coll.*, Civ. Action No. 2:06-CV-1005-RDP (N.D. Ala. July 7, 2006),

at 9.  Therefore, in addition to finding that § 1442 could have been raised as a ground in Defendants'

first removal, and is now untimely, the court also finds that Defendants *did* in fact raise this ground

during the first removal, and it was then found to be untimely.  Thus, *res judicata* now bars

Defendants' removal under § 1442.[7]

**B.     Removal under § 1441 and § 1331 is procedurally barred as untimely.**

Defendants' also attempt to base their removal on § 1441, claiming there is § 1331 federal

question jurisdiction in this case.  In so arguing, Plaintiff asserts that the Federal Employee's

Compensation Act ("FECA"), 5 U.S.C. § 8116(c) (2006), is Plaintiff's exclusive remedy because that

statute completely preempts recovery under state law.  For the reasons discussed below, that

argument does not win the day for Defendants here.

First, the court notes that if Defendants are attempting to argue that their second removal

presents a "new" argument or theory for removability based on "super-preemption," that argument

must fail for the reasons cited above.  Preemption was raised (or, at minimum, could have been

raised) in their initial removal.  Thus, the court's first remand is *res judicata* as to all claims or

theories that were or could have been presented in the first removal.  *See* Part III.A *supra*.

Of course, Defendants' primary position is that Plaintiff's dismissal of Defendant Gadsden

State Community College—the non-consenting defendant in the first removal—creates a second

"window" of removability under § 1331/§ 1441 and § 1446 procedure.  That is, Defendants argue

_____

[7]Because the court concludes that the removal based upon § 1442 is procedurally flawed due to untimeliness, it does not reach any of the substantive issues regarding whether any of the removing Defendants fall under that section's purview as instrumentalities of the federal government.

that once the non-consenting defendant is dismissed,[8] the case has become "removable" for the purposes of § 1446.  For the reasons explained below, the court cannot agree.

A quick review of § 1446's procedures is warranted.  If a case is removable as initially filed, then removal must be accomplished "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which . . . [the] action or proceeding is based."  28 U.S.C. § 1446(b).  And if the case as stated in the initial state court pleading is not removable, then "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id.*  In other words, a case that is not initially removable may become removable and consequently be removed later in its life.  That is the import of the second paragraph of § 1446(b), which provides a thirty-day window of removability for an initially nonremovable action upon receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).

Assuming *arguendo* that federal question jurisdiction exists, that basis of jurisdiction existed in the initial complaint, as nothing done in the state court after the first remand has created a federal question that was not contained in the original complaint.  "To come within the perimeters of §

---

[8]Defendants underscore the importance of the Plaintiff voluntarily dismissing the non-consenting defendant in the instant case.  The court believes this is immaterial, unless it goes to an issue of fraudulent joinder.  However, the court, in its opinion on the first removal, concluded that Gadsden State was not fraudulently joined, so it will not discuss the issue again here.  *Colvin v. Gadsden State Cmty. Coll.*, Civ. Action No. 2:06-CV-1005-RDP (N.D. Ala. July 7, 2006), at 3–4 n.2 & n.3.

1446(b), the amendment of the state court complaint must be one that makes the case removable at

the time of the amendment, when the original state court petition did not state a removable action."

*O'Bryan v. Chandler*, 496 F.2d 403, 409 (10th Cir. 1974).  It was not the dismissal of Gadsden State

(the "amendment") that made this case removable—if the case was removable based upon federal

question jurisdiction, it was removable upon its filing.  Gadsden State's dissent defeated the initial

attempt at removal under § 1331.[9]  Nevertheless, Gadsden State's dismissal did not qualify as an

"amendment" for purposes of starting the thirty day period for removability under § 1446(b).  Put

in simpler terms, the dismissal of a non-consenting defendant does not provide Defendants with an

opportunity to remove the case outside of the initial thirty-day window for removal.[10]

In so ruling, the court agrees with the court in *Hauck v. Borg Warner Corp.*, which was

presented with this precise issue and thoroughly considered the question before reaching its

conclusion.

> The fact that not all of the defendants consented to removal does not affect the
> matter's "removability" for the purposes of complying with 28 U.S.C. § 1446's
> procedural requirements.  Taken to its logical extension, a finding that the consent
> of defendants affects "removability" would mean that a defendant's change of mind
> about whether to consent would restart the 30-day clock.  Failure of all defendants
> to consent is a waivable procedural defect rather than a "removability" problem.  *See*
> *generally Hampton Paint Mfg. Co. v. Union Oil Co. of Cal.*, Civ. A. No. 91-104-NN,

---

[9]Of course, (1) if this case were removable under § 1442 (an issue that this court does not reach), and, (2) within the thirty-day window, Defendants had removed this case based on § 1442, it follows that Defendants could have initially removed this case even without Gadsden State's consent. *See* Part III.A *supra*; *see also Colvin v. Gadsden State Cmty. Coll.*, Civ. Action No. 2:06-CV-1005-RDP (N.D. Ala. July 7, 2006), at 5–8.

[10] Although both parties represented to the court that they were unable to find any case directly on this issue, the court's own research revealed three such cases. *See Hauck v. Borg Warner*, 2006 WL 2927559, at \*4–\*8 (M.D. Fla. Oct. 12, 2006); *Hampton Paint Mfg. Co. v. Union Oil Co. of Calif.*, Civ. A. No. 91-104-NN, 1991 WL 274441, at \*4–\*5 (E.D. Va. Dec. 16, 1991); *Parker v. County of Oxford*, 224 F. Supp. 2d 292, 294 (D. Me. 2002).

> 1991 WL 274441, at *4 (E.D. Va. Dec.16, 1991) ("[A] distinction must be made
> between the prerequisites identifying a removable case and the procedures that must
> be followed in removing such a case to federal court.  The instant case was
> removable under 28 U.S.C. § 1441 at its inception, as it fell within the diversity
> jurisdiction of the federal courts and did not fall into specific, non-procedural
> exceptions provided for by Congress.  In order to take advantage of the opportunity
> to remove, certain procedural requirements had to be met: a notice of removal had
> to be filed within the thirty-day period provided by the statute and all defendants had
> to join in that notice.") (citations omitted).

2006 WL 2927559 (M.D. Fla. Oct. 12, 2006).  *But see Parker v. County of Oxford*, 224 F. Supp. 2d

292, 294 (D. Me. 2002) (concluding that case was not "removable" initially where some defendants

did not consent to removal and that the case "did not become removable until the nonconsenting

Defendant was dismissed from the case").  The *Unocal* decision, quoted in *Hauck*, distinguished the

defendant's argument there that a "second window of removability" appears in federal diversity cases

when a state court plaintiff dismisses a non-diverse defendant and that such logic should extend to

"reviving the removability" of a case under the court's federal question jurisdiction when a non-

consenting defendant is dismissed.

> When a state court plaintiff dismisses a diversity-destroying defendant or amends a
> complaint to contain a federal question after the commencement of an action, thus
> creating federal jurisdiction, the defendants are not presented with the option of
> removal until such jurisdiction is created.  On the other hand, when, as here, an
> action is cognizable in the federal courts at its inception, the defendants are given the
> opportunity to agree to removal within thirty days.  If they fail to do so, they lose the
> privilege to remove.  That privilege should not be revived simply because the
> plaintiff subsequently decides to dismiss those defendants who hold a different view
> as to whether defending in state or federal court would be more favorable to their
> cause.

*Hampton Paint Mfg. Co. v. Union Oil Co. of Cal.*, Civ. A. No. 91-104-NN, 1991 WL 274441, at *5

(E.D. Va. Dec. 16, 1991).  The *Unocal* court concluded its opinion by discussing the policy

considerations involved in removal cases:

> Ultimately, this decision is driven by considerations of comity and due respect for state courts. Removal involves divesting a state court of control of an action voluntarily brought before it by one of its citizens. Because such a procedure necessarily infringes on the sovereignty of the state and its strong interest in adjudicating the controversies of its citizens, removal statutes must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Oliver v. American Motors Corp.*, 616 F.Supp. 714, 715 (E.D. Va.1985); *Mason* [*v. IBM*], 543 F. Supp. [444] [at] 445–46 [(M.D.N.C. 1982)].

*Id.* at *5. The court concludes that the courts in *Hauck* and *Unocal* have correctly analyzed the issue and that their reasoning is better than that in *Parker*. Thus, the court finds that the refusal of Gadsden State to consent to Defendants' desire to remove this case when originally filed did not prevent this case from being removable at its inception (to the extent it was removable under § 1442). On the other hand, if the case were not removable under § 1442, Defendants had a thirty-day window to remove the case to this court, and the case did not become removable after that thirty-day period expired merely because Gadsden State was dismissed from the state court action after this court's initial remand. Thus, Defendants cannot rely on the subsequent dismissal of that defendant to reopen the "removal" door to federal court.

## IV.   CONCLUSION

For the reasons set forth above, the court concludes that Plaintiff's Motion to Remand (Doc. # 5) is due to be granted and this case will be remanded to the Circuit Court of Jefferson County, Alabama. The court will enter a separate order in accordance with this memorandum opinion.

**DONE** and **ORDERED** this _____27th_____ day of March, 2007.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE